**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| JAMES C. CINNATER, as Personal Representative of the Estate of William R. Cinnater, v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1252-Orl-28GJK |
| RACHEL COBB, v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1253-Orl-37GJK |
| DAWNA GAYLE BRAMMER, v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1254-Orl-41DAB |
| RAYMOND COLEMAN, v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1255-Orl-40TBS |
| MIKE GLASSCOCK, v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1256-Orl-41DAB |
| DON RAY BROWN, as personal representative of the Estate of Evelyn Brown, v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1257-Orl-40GJK |
| JOAN CAMPBELL, as personal representative of the Estate of Charles Campbell, v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1258-Orl-37TBS |
| JAMES C. CINNATER, as Personal Representative of the Estate of Elizabeth Cinnater, v. PHILIP MORRIS USA, INC., *et al.* | Case No. 6:15-cv-1259-Orl-37TBS |
| MARK LANE, as personal representative of the Estate of Rhea Atkins, v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1260-Orl-28KRS |
| ADELE LEOMBRUNO, as personal representative of the Estate of John J. Leombruno, v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1261-Orl-37GJK |

| | |
|---|---|
| ANGELA LOGGINS, v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1262-Orl-37GJK |
| ROCKY MORGAN, v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1263-Orl-40DAB |
| SUNI CATE MORGAN, as personal representative of the Estate of Linda Dell, v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1264-Orl-40TBS |
| DAN MOY, as personal representative of the Estate of Betty Haskins, v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1265-Orl-41GJK |
| TRACY ODEN, v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1266-Orl-28DAB |
| JAMES PEOPLES, v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1267-Orl-28GJK |
| MARJORIE HALLORAN, as personal representative of the Estate of Frank McDowell, Jr., v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1268-Orl-28GJK |
| ROBERT C. DILLON, as personal representative of the Estate of Helen Williams, v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1269-Orl-40TBS |
| EDELMIRA KORKOLIOS, as personal representative of the Estate of George Korkolios, v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1270-Orl-40DAB |
| TIMOTHY REMMERS, v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1271-Orl-41KRS |
| DONALD RICHTER, as personal representative of the Estate of Barbara Richter, v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1272-Orl-40TBS |

| | |
|---|---|
| PATRICIA ROSS, as personal representative of the Estate of Shirley Remmers, v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1273-Orl-37GJK |
| JANICE SMITH, v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1274-Orl-40KRS |
| RICHARD SMITH, v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1275-Orl-41TBS |
| RICHARD JOHN SMITH, v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1276-Orl-40KRS |
| SANDY THOMPSON, v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1277-Orl-41DAB |
| KATHLEEN WEST, as personal representative of the Estate of Philip Corriveau, v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1278-Orl-41GJK |
| MARY M. WILLIAMS, as personal representative of the Estate of Roy T. Williams, v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1279-Orl-37GJK |
| WILLIAM P. MCVAY, as personal representative of the Estate of Mildred Johnson McVay, v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1280-Orl-37GJK |
| FRANCES JAMESON-NYKAMP, as personal representative of the Estate of Charles Robert Jameson, v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1281-Orl-37TBS |
| TIMOTHY SCHROEDER, as personal representative of the Estate of Mary Ann Altieri, v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1282-Orl-37DAB |

| | |
|---|---|
| CAROL SAFIER, as personal representative of the Estate of Seymour Safier, v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1283-Orl-41KRS |
| PATRICK REILLY, as personal representative of the Estate of Francis Reilly, v. R.J. REYNOLDS TOBACCO CO., *et al.* | Case No. 6:15-cv-1284-Orl-41KRS |

**ORDER**

This matter is before the Court on substantially-identical motions to remand ("**Motions**") which were filed in thirty-three "*Engle* progeny" actions that are pending before four judges of this Court.[1] (*See* Doc. 19.) After their Honors John Antoon II, Paul G. Byron, and Carlos E. Mendoza referred the Motions pending before them to the Undersigned for collective resolution (*see* Doc. 21), the Defendants filed substantially-identical joint responses to the Motions (*see* Doc. 25).[2] Upon review, the Court finds that the Motions are due to be granted for the reasons set forth below.

**BACKGROUND**

Each Plaintiff now before this Court first initiated suit as a named plaintiff in one of

---

[1] "*Engle* progeny" refers to personal injury and wrongful death actions against tobacco companies, which were filed by plaintiffs who purport to be former members of a de-certified class of Florida citizens and residents (and survivors), who suffered personal injury or death due to their addiction to cigarettes that contain nicotine. *See Engle v. Liggett Group, Inc.*, 945 So. 2d 1246, 1277 (Fla. 2006) (de-certifying class and affording former class members one year to file suit); *R.J. Reynolds Tobacco Co. v. Engle*, 672 So. 2d 39, 41–42 (Fla. 3d Dist. 1996) (affirming order certifying class after limiting class to Florida citizens and residents).

[2] Citations to the substantially-identical documents filed in each of the thirty-three actions is unnecessary and would be extremely burdensome. Thus, unless otherwise specified, the record citations in this Order are to the docket entries in the lowest-numbered case—*Cinnater v. R.J. Reynolds Tobacco Co.*, Case No. 6:15-cv-1252-Orl-28GJK.

nine multi-plaintiff actions ("**Multi-Plaintiff Actions**") which were filed in the Ninth Judicial Circuit Court in and for Orange County, Florida ("**State Court**") against non-Florida Defendants R.J. Reynolds Tobacco Co. and Philip Morris USA, Inc. ("**Defendants**") and two Florida defendants—Liggett Group LLC and Vector Group LTD Inc**.** ("**Florida Defendants**").[3] (*See* Docs. 19-2, 19-3, 19-4, 19-5, 19-6, 19-7, 19-8, 19-9, 19-10.) Diversity jurisdiction did not exist over the Multi-Plaintiff Actions due to the presence of the Florida Defendants; thus, Defendants could not and did not attempt removal when the Multi-Plaintiff Actions were commenced in **December 2007** and **January 2008**. (*See* Doc. 19 at 5; Doc. 25 at 6.)

After five years with sparse litigation activity, in **2013**, the State Court dismissed all claims against the Florida Defendants pursuant to a global settlement agreement ("**2013 Dismissals**"). (Doc. 19, p. 5.) After the 2013 Dismissals, complete diversity of citizenship existed among Plaintiffs and the remaining Defendants. Nonetheless, Defendants did not attempt removal, and another year passed in State Court with sparse litigation activity.

In **February 2015**, the Multi-Plaintiff Actions were reassigned to two judges in the State Court's Complex Business Litigation Court. The newly-assigned judges promptly held case management conferences during which they plainly stated that the claims asserted by Plaintiffs in each of the Multi-Plaintiff Actions would no longer proceed together. (*See* Docs. 19-11, 19-12, 19-13, 19-14.) The newly-assigned judges advised

---

[3] The Court takes judicial notice of the State Court docket as an accurate and ready source of information on the activity in the State Court and whose accuracy cannot reasonably be questioned. *See* F.R.E. 201(b)-(d); *Crenshaw v. City of Defuniak Springs*, No. 3:13-cv-50/MCR/EMT, 2014 WL 667689, at *3 n.1 (N.D. Fla. Feb. 20, 2014).

the parties of the process by which Plaintiffs could continue to pursue their claims individually: (1) all Plaintiffs would be required to file a new complaint setting forth only their individual claims; (2) one Plaintiff—typically the first-named Plaintiff—would continue to litigate his or her claims under the original case number assigned to a Multi-Plaintiff Action in 2007 or 2008; and (3) after severance from the Multi-Plaintiff Actions, the remaining Plaintiffs would pay a new filing fee and would pursue their claims under newly-assigned case numbers ("**Severed Actions**"). (*See* Doc. 19-12, pp. 7, 10-12; Doc. 19-13, p. 5; Doc. 19-14, p. 9; *see also* Doc. 25-6.)

As directed by the State Court, in **July 2015**, the Plaintiffs each filed a new complaint ("**New Complaint**"),[4] which: (1) included only the claims against Defendants individually asserted by that Plaintiff; (2) did not name any new defendant; and (3) did not allege any claim not previously asserted in the Multi-Plaintiff Actions.[5] (*See* Doc. 2.) Further, each New Complaint included some kind of introductory paragraph alleging that: (1) the New Complaint was filed pursuant to the State Court's order of severance in the Multi-Plaintiff Actions; and (2) all claims reasserted in the New Complaint relate back to claims asserted in a complaint filed in one of the corresponding Multi-Plaintiff Actions. (*See id.* at 1.) On **August 3, 2015**, Defendants removed thirty-three Severed Actions to this Court based on diversity jurisdiction.[6] (*See* Doc. 1 ("**Notices**").) Because the Notices

---

[4] Consistent with other Florida courts who have waived issuance of summons and service of process in *Engle* progeny cases after severing the claims of multiple plaintiffs joined in one complaint (*see* Doc. 25-4), the State Court did not appear to require formal service of process for the New Complaints.

[5] In some of the New Complaints, the Plaintiff dropped a claim that had been asserted in the corresponding Multi-Plaintiff Action (*See, e.g.*, *Halloran*, Case No. 6:15-cv-1268-Orl-28GJK, Doc. 2)

[6] Defendants did not attempt to remove the individual claims asserted by any of the individual plaintiffs who retained the case numbers assigned to the Multi-Plaintiff

were untimely, the Court will remand.

## STANDARD

Removal jurisdiction exists only where a district court would have had original jurisdiction over the action. 28 U.S.C. § 1441(a); *Darden v. Ford Consumer Fin. Co.*, 200 F.3d 753, 755 (11th Cir. 2000). District courts have original jurisdiction over cases with an amount in controversy that exceeds $75,000.00 and parties who are completely diverse. 28 U.S.C. § 1332(a). In addition to the jurisdictional requirement of diversity, procedural issues—such as timeliness—may be raised when an action is removed from state to federal court. *See Lowery v. Ala. Power Co.*, 482 F.3d 1184, 1194 (11th Cir. 2007). If raised within the time prescribed by 28 U.S.C. §1447(c), untimely removal is a procedural defect that warrants remand. *See Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1237 n.1 (11th Cir. 2008) ("[U]ntimeliness is a 'procedural' defect in removal rather than a 'jurisdictional defect' . . . .").

The pertinent version of 28 U.S.C. § 1446 limits the time in which a defendant may file a notice of removal.[7] If an "initial pleading" sets forth a removable claim, then any notice of removal is due "within thirty days" after the defendant's receipt—"through service or otherwise"—of the initial pleading. 28 U.S.C. § 1446(b) (2007). If an initial pleading does not permit removal, but a removable claim subsequently becomes ascertainable,

---

Actions. (*See* Doc. 25, p. 8.)

[7] On December 7, 2011, Congress amended the removal statute, which included splitting portions of § 1446(b) into a new subsection (c)(1). Federal Court Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112-63, § 103(b) 125 Stat. 758, 760 (2011). The amendment applies only to removed actions "commenced" in state court on or after its effective date. Pub. L. 112-63, § 105. Because the Court finds the cases before it commenced in 2007 and 2008, it applies the version of the statute in effect at the time, the pre-amendment version. *See Ingram v. Forbes Co.*, No. 6:13-cv-381-Orl-37GJK, 2013 WL 1760202, at * 1 n.1 (M.D. Fla. Apr. 24, 2013)

then any notice of removal is due "within thirty days" after the defendant's receipt of the "amended pleading, motion, order, or other paper" from which the removable claim "may first be ascertained." *See id.* The outermost deadline to remove based on diversity jurisdiction is one year after "commencement of the action" ("**Year Deadline**"). *See* 28 U.S.C. § 1446(b) (2007).

Defendants bear the burden of proving that jurisdiction exists and that they complied with the procedural requirements of removal—including the Year Deadline. *See Moultrop v. GEICO Gen. Ins. Co.*, 858 F. Supp. 2d 1342, 1344 (S.D. Fla. 2012). Further, due to "significant federalism concerns, federal courts are directed to construe removal statutes strictly. Indeed, all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

## DISCUSSION

Resolution of the Motions turns on whether the Year Deadline should run: (1) from **July 2015**, when Plaintiffs filed their New Complaints (as Defendants argue); or (2) from **2007** and **2008**, when the Multi-Plaintiff Actions were initially filed (as Plaintiffs argue).[8] Defendants argue that under Florida law, the Severed Actions are entirely distinct and independent from the Multi-Plaintiff Actions because Plaintiffs filed the New Complaints, new cover sheets, and paid new filing fees after the State Court severed the Multi-Plaintiff Actions due to misjoinder. (*See* Doc. 25, pp. 6, 10, 12, 17.) Plaintiffs counter that the Year Deadline passed—at the latest—a year after the Multi-Plaintiff Actions were

---

[8] Plaintiffs do not dispute that the Notices correctly allege that diversity jurisdiction exists under 28 U.S.C. § 1332. (*See* Doc. 19, p. 12.)

8

filed,[9] because the Severed Actions simply continue the Multi-Plaintiff Actions after severance for administrative purposes, and the New Complaints merely amended the pleadings in the Multi-Plaintiff Action. (*See* Doc. 19, pp. 14–16.) Plaintiffs further argue that they are entitled to an award of attorneys' fees and costs because Defendants lacked an objectively reasonable basis to remove. (*See id.* at 20-25.)

"In general, when an action is 'commenced' for purposes of the removal statutes is determined by the law of the state where a removed action originally was filed." *Moultrop*, 858 F. Supp. 2d at 1346. Under Florida law, "[e]very action of a civil nature shall be deemed commenced when the complaint or petition is filed . . . ." Fla. R. Civ. P. 1.050. In many circumstances, this simple statement resolves the dispute—not so here.

Defendants direct the Court's attention to additional Florida statutory provisions, specifically: (1) Florida Statutes, § 28.241, providing that "fees are due at the time a party files a pleading to initiate a proceeding," and (2) Florida Rule of Civil Procedure 1.100(c)(2), providing that a civil cover sheet shall be filed when "initiating an action." (Doc. 25, pp. 10–11.) According to Defendants, the State Court's requirement that Plaintiffs pay filing fees, submit civil cover sheets, and proceed under newly-assigned case numbers is "dispositive." (*Id.* at 11.) The Court has no indication, and Defendants do not cite any Florida authority to show, that an action is not "commenced" for the purpose of § 1446 without completing these ministerial acts. Moreover, the initial

---

[9] The Court quickly dispatches with Plaintiffs' suggestion that the Year Deadline passed a year after the original *Engle* class action was commenced in 1994. (Doc. 19, pp. 14–15.) This contention cannot be squared with the *Engle* decision or the general treatment of decertified class actions. *See Ackerman v. ExxonMobil Corp.*, 821 F. Supp. 2d 811, 814-15 (D. Md. 2012) (rejecting plaintiffs argument that their individual action was commenced when a putative class action complaint was filed since "an individual class member's claim is extinguished when a class is decertified" (quotation omitted)).

9

pleadings in the Multi-Plaintiff Action—containing all parties and claims in the New Complaints— were accompanied by civil cover sheets and filing fees, albeit, not for each individual plaintiff.

The Court also is not convinced that the State Court's reliance on misjoinder as a basis for severance of the Multi-Plaintiff Actions supports Defendants' argument. (*See* Docs. 19-11, 19-12, 19-13, 19-14.) Defendants cite to secondary sources of Florida law for the proposition that severance as a remedy for misjoinder creates "independent" actions that then proceed separately through discovery, trial, and judgment. (*See* Doc. 25 at 12 (citing West's Fla. Prac. Series § 1.270:13; Henry P. Trawick, Jr., Trawick's Fla. Prac. & Proc. § 20:14).) True, but useful only as far as it goes. A decision to proceed prospectively with claims in separate cases says little retrospectively about when those claims were first commenced under Florida law. *See Kitchen v. Heyns*, 802 F.3d 873, 875 (6th Cir. 2015) ("Courts treat severed claims as if the plaintiff had *originally* filed two separate lawsuits." (emphasis added)); *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006) (noting that, unlike dropping a defendant, "when a court 'severs' a claim against a defendant under Rule 21, the suit simply continues against the severed defendant in another guise").

Contrary to Defendants' argument, the Court finds that Florida law on misjoinder does not support—let alone compel—a finding that the Severed Actions are completely divorced from the Multi-Plaintiff Actions. Florida Rule of Civil Procedure 1.250(a) provides that misjoinder "is not a ground for dismissal of an action." Suggesting, as Defendants do, that the New Complaints commenced new actions is to treat severance as de facto dismissal of the misjoined actions, a result flatly rejected by Rule 1.250(a). *See Alanco v.*

*Bystrom*, 544 So. 2d 217, 218 (Fla. 3d DCA 1989) (recognizing that dismissal of misjoined claims is improper and that "[a] direction to a plaintiff, by an order entered on a motion for judgment on the pleadings, to refile a pending claim and pay a filing fee or suffer dismissal—on grounds of misjoinder—is, de facto, a dismissal on grounds of misjoinder"). The Court is persuaded that the State Court never terminated the claims initially asserted by Plaintiffs in the Multi-Plaintiff Actions, but allowed them to continue in another guise. *See DirecTV*, 467 F.3d at 845.

Defendants have cited a number of cases from other jurisdictions to support their arguments. (Doc. 25 at 13-16, 18 (citing *Dube v. Wyeth LLC*, 943 F. Supp. 2d 998, 1002-03 (E.D. Mo. 2013); *Davis v. Bristol -Myers Squibb Co.*, Nos. 13-1742 (FLW), 13-1743(FLW), 2013 WL 3146898, at *4 (D.N.J. June 19, 2013); *Young v. Wells Fargo Bank*, No. 09-4255, 2009 WL 3255163, at *1 (E.D. La. Oct. 7, 2009); *Penn. Emps. Benefit Trust Fund v. AstraZeneca Pharm., L.P.*, No. 08-cv-04787-JF, 2008 WL 4891387, at *1 (E.D. Pa. Nov. 13, 2008); *Ran-Mar, Inc. v. Wainwright Bank & Trust Co.*, No. 2:08-cv-159, 2008 WL 4559844, at *1-2 (D. Vt. Oct. 9, 2008); *Farmer v. St. Paul Fire & Marine Ins. Co.*, No. 2:05CV161-D-B, 2006 WL 1134238, at *1-2 (S.D. Tex. Apr. 24, 2006); *Johnson v. Snapper Div. of Fuqua Indus.*, 825 F. Supp. 127, 130 (E.D. Tex. 1993)).) These largely-unpublished opinions provide persuasive authority at best, and even that is diluted by distinguishable circumstances or lack of analysis.

For instance, *Ran-Mar* deals with two lawsuits filed in different counties before different judges, a much clearer case for removal than presented here. 2008 WL 4559844 at *1. Though Defendants dismiss the significance, the Court also finds important that neither *Ran-Mar* nor *Johnson* address the Year Deadline or the meaning of

11

"commencement" under § 1446. *See Ran-Mar*, 2008 WL 4559844 at *1; *Johnson*, 825 F. Supp. at 128. Perhaps most significant, though, in each of Defendants' cited cases, the actions became removable due to a severance order. Here, the Multi-Plaintiff Actions first met the substantive requirement of removal—the existence of diversity jurisdiction—at the time of the 2013 Dismissals. The State Court's severance orders did not occur until more than a year later.

The Court finds more analogous and persuasive the authority that holds an amended complaint, even one that adds parties or claims, does not commence a new action or a new Year Deadline. *Moultrop*, 858 F. Supp. 2d at 1346-47 ("Thus, the plain language of § 1446(b) suggests that 'commencement of the action' means the filing of the original complaint that sets in motion the resolution of all claims that may be properly disposed of in the action." (citing *Lopez v. Robinson Aviation (RVA), Inc.*, No. 10-60241-CIV, 2010 WL 3584446, at *2 (S.D. Fla. Apr. 21, 2010)). Here, each Plaintiff, each Defendant, and each claim in a Severed Action can be found in a corresponding Multi-Plaintiff Action. There is no party or claim in any of the New Complaints that was not present in the "initial pleading" which commenced the Multi-Plaintiff Actions. As such, the Court agrees with Plaintiffs that the New Complaints are akin to amended complaints filed to correct a pleading error, which do not commence a new action within the meaning of § 1446. *See Briggs v. GEICO Gen. Ins. Co.*, No. 06-CV-550-REB-MEH, 2006 WL 1897210, at *2 (D. Colo. July 10, 2006) (finding that severance "does not constitute the commencement of a new lawsuit," since the complaint in the severed case "will essentially be an amended complaint, which is necessary to implement the state court's severance order"). Construing the removal statute in favor of remand, *Univ. of S. Ala.*, 168 F.3d at

411; *Burns*, 31 F.3d at 1095, the Court finds that Defendants' notices of removal were not filed within the Year Deadline.[10]

Finally, though the Court will order remand, it declines Plaintiffs' request for fees and costs. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (2007). "There is no presumption in favor of awarding fees; rather, courts may award attorneys' fees incurred as a result of a removal 'only where the removing party lacked an objectively reasonable basis for seeking removal.'" *Watson v. Carnival Corp.*, 436 F. App'x 954, 955 (11th Cir. 2011) (quoting *Bauknight v. Monroe Cnty., Fla*, 446 F.3d 1327, 1329 (11th Cir. 2006)). Plaintiffs accuse Defendants of forum-shopping to take advantage of a favorable Eleventh Circuit ruling that Florida state courts have been unwilling to follow. Whatever their motivation for removal, though, Defendants were not entirely without authority from to make a reasonable, though unsuccessful, argument for removal. Fees and costs are therefore inappropriate.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiffs' Motions to Remand and for Attorney's Fees in each of the above-captioned cases are **GRANTED IN PART AND DENIED IN**

---

[10] To the extent Defendants might be understood to argue that Plaintiffs' misjoinder should allow for equitable relief from the one-year limitation, such an argument would be unavailing. Even assuming Plaintiffs' alleged bad faith joinder would authorize such relief under the version of § 1446 in effect in 2007 and 2008, joinder of the *Plaintiffs'* claims was never the obstacle to removal since the Florida Defendants would have remained even if each Plaintiff had initially filed a separate case. *See Rey v. Philip Morris, Inc.*, 75 So. 3d 378, 380-83 (Fla. 3d DCA 2011) (holding that claims against Liggett and Vector based on conspiracy could continue even where the smoker did not smoke any of their brands).

**PART**. The Motions are **GRANTED** to the extent remand is requested, and they are otherwise **DENIED**.

2. Plaintiffs' Requests for Oral Argument in each of these case are **DENIED AS MOOT**.

3. The above-captioned cases are **REMANDED** to the Ninth Judicial Circuit in and for Orange County, Florida. The Clerk shall take all necessary steps to effectuate this remand, including forwarding a certified copy of this Order to the State Court.

4. After remand has been effected, the Clerk shall terminate all pending motions and close the cases.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on November 23, 2015.



ROY B. DALTON JR.
United States District Judge

bjb.
Copies:

Counsel of Record